COPY

1    K&L GATES LLP
     10100 Santa Monica Blvd., 7th Floor
2    Los Angeles, CA 90067
     Telephone: (310) 552-5000
3    Facsimile: (310) 552-5001
     Seth A. Gold (SBN 163220)
4    *seth.gold@klgates.com*
     Cyrus S. Naim (SBN 240119)
5    *cyrus.naim@klgates.com*

6    Attorneys for Plaintiffs
     Avid Life Media, Inc. and Avid Dating
7    Life, Inc. dba Ashley Madison

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11   AVID LIFE MEDIA, INC., an Ontario      Case No. CV12-07604 MMM(MANx)
     corporation, and AVID DATING LIFE,
12   INC., an Ontario corporation dba       **COMPLAINT FOR TRADE DRESS
     ASHLEY MADISON.                        INFRINGEMENT, TRADEMARK
13                                          INFRINGEMENT, COMMON LAW
                                            UNFAIR COMPETITION, TRADE
14             Plaintiffs,                  DRESS DILUTION, STATUTORY
                                            UNFAIR COMPETITION (CAL.
15        vs.                               BUS. PROF. CODE § 17200)**

16   MARITAL AFFAIR LTD., a United
     Kingdom company dba Maritalaffair.com;
17   GLOBAL PERSONALS LIMITED, a
     United Kingdom company dba
18   Whitelabeldating.com; and DOES 1
     THROUGH 10,
19
               Defendants.
20

21

22

23

24

25

26

27

28

LA-520249 v2

1  Plaintiffs Avid Life Media, Inc. dba Ashley Madison and Avid Dating Life, Inc.

2  (together, "Ashley Madison" or "Plaintiffs"), for their complaint against defendants

3  Marital Affairs Ltd. and Global Personals Limited (together, "Defendants") allege as

4  follows:

5  **NATURE OF ACTION**

6  1.  Plaintiffs operate a website dating service under the famous ASHLEY

7  MADISION trademark at www.ashleymadison.com.  The Ashley Madison business,

8  which has been in continuous operation since 2002 under the ASHLEY MADISON

9  trademark, is designed to facilitate discreet adult relationships in an online

10  environment with the possibility that the online relationship will mature into a physical

11  meeting.  Ashley Madison targets, among others, consumers who reside in the United

12  States and who desire to have a romantic relationship in the United States as well as

13  outside the United States, including in the United Kingdom, where Ashley Madison

14  formally launched its services in 2005, well before Defendants launched their

15  competing service.  Ashley Madison has spent millions of dollars designing its

16  website, fine-tuning its business model, and advertising its services in the United

17  States and around the world, in order to create brand awareness and a consumer base.

18  2.  In defiance of United States laws protecting the owners of intellectual

19  property, Defendants have stolen the famous Ashley Madison trade dress and used the

20  famous Ashley Madison service mark.  Defendants have improperly been trading off

21  the goodwill created by Ashley Madison's substantial investment of time and money,

22  as well as—among other things—confusing the consuming public with respect to

23  whether there is an affiliation between Ashley Madison and Defendants.  By this civil

24  action, Ashley Madison now seeks damages and injunctive relief for the Defendants'

25  continuing infringement of trade dress and service mark, as well as for Defendants'

26  engaging in conduct constituting trademark dilution and unfair competition.

27

28

LA-520249 v2

1

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE**

## **THE PARTIES**

3.     Plaintiff Avid Life Media, Inc. is a corporation organized and existing under the laws of Ontario, Canada and owns various companies that are in the business of operating online dating websites.

4.     Plaintiff Avid Dating Life, Inc. dba Ashley Madison is a corporation organized and existing under the laws of Ontario, Canada and is regularly engaged in the business of operating online dating websites, including www.ashleymadison.com.

5.     On information and belief, defendant Marital Affair Ltd. ("Marital Affair") is a limited liability company formed under the laws of the United Kingdom, whose company number is 07412717, and whose registered office is 26 Kings Hill Avenue, West Malling, Maidstone, Kent, United Kingdom.  On information and belief, Marital Affair is the owner and/or licensed operator of dating websites located at the uniform resource locators www.marritalaffair.com and www.maritalaffair.co.uk.

6.     On information and belief, defendant Global Personals Limited ("GPL") is a company registered under the laws of England and Wales, whose company number is 4880697 and whose registered office is Minton Place, Victoria Street, Windsor, Berkshire, SL4 1EG.  On information and belief, GPL operates the websites located at the uniform resource locators www.marritalaffair.com and www.maritalaffair.co.uk, through which it delivers a service for adults to meet each other and communicate online, as it describes in the terms and conditions of that website.  On information and belief, GPL claims an ownership interest, and/or possessory interest by way of license, in all intellectual property, including copyright, design rights, database right, and rights to trade and business names, trade secrets, and trade marks (whether registered or unregistered) in the www.marritalaffair.com and www.maritalaffair.co.uk websites.

7.     Ashley Madison is currently unaware of the identities of defendants Does 1-20 and therefore sues such defendants by such fictitious pseudonyms.  Ashley Madison is informed and believes, and on that basis alleges, that discovery will reveal

2

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION PURSUANT TO COMMON LAW AND STATUTE**

1  the true identities of those defendants and then will amend this Complaint to identify

2  those defendants by name after such discovery.

3       8.     On information and belief, the actions alleged herein to have been

4  undertaken by Defendants were undertaken by each defendant individually, were

5  actions that each defendant caused to occur, were actions that each defendant

6  authorized, controlled, directed, or had the ability to authorize, control, or direct,

7  and/or were actions in which each defendant assisted, participated, or otherwise

8  encouraged, and are actions for which each defendant is liable.  On information and

9  belief, each defendant aided and abetted the actions of the Defendants set forth below;

10 in particular, each defendant had knowledge of those actions and provided assistance

11 and benefitted from those actions, in whole or in part.  Each defendant was the agent of

12 the other Defendants, and in engaging in the conduct alleged herein, was acting within

13 the course and scope of such agency and with the permission and consent of each and

14 every one of the other defendants.

15                    **JURISDICTION AND VENUE**

16      9.     This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and

17 contains related California statutory and common law claims.  This Court has subject

18 matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as this is

19 an action arising under the laws of the United States and relating to trademarks.  This

20 Court has subject matter jurisdiction over the state and common law claims pursuant to

21 28 U.S.C. § 1367, as those claims are part of the same case or controversy as the

22 federal claims alleged herein.

23      10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

24      11.    This Court has personal jurisdiction over Defendants, who have directed

25 tortious acts at Ashley Madison in this District, and have committed tortious acts that

26 they knew or should have known would cause injury to Ashley Madison in this

27 District.

28

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR
COMPETION PURSUANT TO COMMON LAW AND STATUTE**

1        12.   Defendants' contacts with this District are systematic and continuous.  On

2    information and belief, Defendants are targeting, among others, United States

3    consumers, in order to drive those consumers to the www.marritalaffair.com and

4    www.maritalaffair.co.uk internet websites in order to augment their consumer base,

5    which is owned by one or more of the Defendants.  Attached hereto as Exhibits A and

6    B are copies of screen shots of the home pages of Defendants' marritalaffair.com and

7    maritalaffair.co.uk website displays that reflect the Defendants' accommodation of and

8    solicitation for transactions with consumers who reside in the United States.

9    Defendants' maritalaffair.co.uk website contains a specific link to its maritalaffair.com

10   website, and vice versa.

11       13.   Defendants' marritalaffair.com website also displays profiles for members

12   of their service who reside in this District.

13       14.   Upon information and belief, Defendants' website service is not a passive

14   website, but rather is an interactive website where members subscribe, create personal

15   profiles, and can interact—including sending messages—to other members of

16   Defendants' website service.

17       15.   On information and belief, Defendants allow their members to pay for

18   Defendants' services offered through the marritalaffair.com and maritalaffair.co.uk

19   websites by making payments using visa or mastercard.  On information and belief,

20   consumers who reside in this District have made payments to Defendants for services

21   offered through Defendants' marritalaffair.com website.

22   **FACTUAL ALLEGATIONS**

23   **Ashley Madison's Trademark(s) and Trade Dress**

24       16.   Avid Dating Life, Inc. is the owner of a federal registration on the

25   ASHLEY MADISON service mark, Registration No. 2,812,950, covering, *inter alia*,

26   the field of "Computer services, namely, on-line dating and matchmaking and social

27   introduction services."  (The "Ashley Madison Service Mark.")  The Ashley Madison

28   Service Mark is now incontestable pursuant to 15 U.S.C. § 1065.  Attached hereto as

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR
COMPETION PURSUANT TO COMMON LAW AND STATUTE**

1  Exhibit C is a true and correct copy of a print out reflecting the registration certificate

2  for the ASHLEY MADISON service mark registration.

3        17.    Ashley Madison also has designed/developed and is the owner of a unique

4  and famous trade dress for the website located at the uniform resource locator

5  www.ashleymadison.com, which is the internet homepage for the Ashley Madison

6  dating service.  Attached hereto as Exhibit D is a true and correct copy of a print out

7  reflecting the home page trade dress of www.ashleymadison.com.  (Referred to herein

8  as the "Trade Dress.")

9        18.    Ashley Madison's Trade Dress is non-functional.  Specifically, the choice

10  of the graphics, in particular the depiction of a woman with her finger near her sealed

11  lips is not set forth in a manner designed to achieve a particular utility.

12        19.    Ashley Madison's Service Mark and Trade Dress are inherently

13  distinctive and have acquired secondary meaning.  The website on which the Ashley

14  Madison Service Mark and Trade Dress are displayed averages approximately 7.9

15  million unique visitors per month and receives approximately 92 million United States

16  visitors each year.  The Ashley Madison service has millions of members.

17        20.    Moreover, the Ashley Madison Service Mark and Trade Dress possess

18  substantial national brand recognition and awareness amongst the general public as a

19  result of Ashley Madison's extensive public relations and advertising efforts.  Such

20  efforts include but are not limited to the following: millions of dollars spent over the

21  years on advertising on Howard Stern's radio program, who on information and belief

22  has approximately 6 to 12 million weekly listeners; television commercial advertising

23  on the cable channel Comedy Central, which channel on information and belief

24  reaches approximately 90 million American homes; and advertising in Bloomberg

25  Business Week, which publication on information and belief has in excess of

26  1,000,000 in hard copy circulation in addition to its internet presence.  The Ashley

27  Madison Service also has received substantial unsolicited media attention, further

28  strengthening the Ashley Madison Service Mark and Trade Dress.  Such media

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION PURSUANT TO COMMON LAW AND STATUTE**

1  attention includes but is not limited to references to the Ashley Madison Service Mark
2  and Trade Dress on the Jay Leno Show, on the Conan, in USA Today, in Yahoo News,
3  on The View, on the Jim Rome radio show, in the New York Post, in the Washington
4  Post, and on CNN Headline News.

5       21.   As a result of these among other facts, a substantial segment of the
6  consuming public make a mental association between Ashley Madison's Service Mark
7  and Trade Dress—particularly including the photograph of a woman with her finger
8  near her sealed lips—and the source of that service.

9  **Defendants' Wrongful Conduct Regarding Ashley Madison's Trade Dress**

10       22.   On information and belief, Defendants launched a website dating service
11  that competes with the Ashley Madison service.  On information and belief,
12  Defendants engaged in a campaign to intentionally copy Ashley Madison's Trade
13  Dress as well as to steal Ashley Madison's loyal customer base and potential
14  customers.

15       23.   Defendants' website dating service is, or has been, available on the
16  internet at the following uniform resource locators: at www.maritalaffair.com and
17  www.maritalaffair.co.uk.

18       24.   At all times relevant to the allegations herein, Defendants'
19  maritalaffair.com and maritalaffair.co.uk websites have offered substantially the same,
20  if not exact, service offered by Ashley Madison, through their dating software platform
21  owned and operated by GPL and/or Marital Affair.

22       25.   In or around 2012, Defendants' website at the above-mentioned uniform
23  resource locators presented graphical displays which were confusingly similar to and
24  thereby infringe Ashley Madison's famous Trade Dress.  Attached hereto as Exhibits
25  A and B are copies of screen shots of web pages that, on information and belief,
26  Defendants were using at least as of March 2012 at the www.maritalaffair.com and
27  www.maritalaffair.co.uk uniform resource locators.

28  **Defendants' Wrongful Conduct Regarding Ashley Madison's Service Mark**

COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR
COMPETITION PURSUANT TO COMMON LAW AND STATUTE

26.     Defendants have been engaging in trademark infringement and unfair business practices with respect to using Ashley Madison's Service Mark in their advertising campaigns through a popular Google advertising platform.  In particular, Google operates an internet search engine which allows consumers to search topically for websites and/or information that interests them.  Google offers a program called Adwords which allows persons or entities to purchase certain "keywords" which, if typed into the Google search engine, could result in an advertisement of the keyword purchaser being displayed as one of the results for the consumer's search.

27.     As of approximately April 2012, on information and belief, Defendants have been purchasing from Google as a keyword the "Ashley Madison" Service Mark along with other keywords and/or have been using the Ashley Madison Service Mark as a metatag.  Accordingly, when a consumer types into the Google search engine the words "Ashley Madison UK" and runs his or her search, for instance, an advertisement for the maritalaffair.co.uk website appears as one of the consumer's search results. The advertisement that appears as a result of such search incorporates specifically the Ashley Madison Service Mark.  Attached hereto as Exhibit E is a copy of a screen shot of a search result based on the above example.

28.     Defendants' use of the Ashley Madison Service Mark as a keyword and/or metatag, and use of the Ashley Madison Service Mark in the actual advertisement that appears when a consumer is looking for Ashley Madison's service through the Google search engine, allows Defendants to benefit financially from and enjoy the goodwill and reputation of Ashley Madison because consumers mistakenly believe that the advertisements that appear as a result of Defendants' purchase of the Ashley Madison Service Mark as a keyword and/or use as a metatag is affiliated with or sponsored by Ashley Madison.  This confusion is compounded because, if a consumer clicks on the advertisement that appears, he or she is directed to a page on Defendants' maritalaffair.co.uk website which displays prominently the Ashley Madison Trade Dress.  Attached hereto as Exhibit F is a copy of a screen shot of a

1    webpage consumers are directed to if they click on an advertisement that appears as a

2    result of Defendants' purchase of Ashley Madison's Service Mark as a keyword.

3    **Ashley Madison's Efforts To Resolve The Matter**

4        29.    In or around March 2012, Ashley Madison made numerous demands on

5    Defendants to remove the infringing Trade Dress from their maritalaffair.com and

6    maritalaffair.co.uk websites and also to cease using Ashley Madison's Service Mark in

7    connection with search engine advertising, but Defendants have refused to remove the

8    offending material referenced herein.

9        30.    On information and belief, Defendants have been using the Ashley

10    Madison Service Mark and copied the Ashley Madison Trade Dress with a malicious

11    and calculated intent to steal Ashley Madison's goodwill and customer base and intent

12    to free ride on same, which have been the result of Ashley Madison's significant

13    investment of time and money. In fact, on information and belief, Defendants have

14    admitted that their advertising campaigns as described herein have led to a direct

15    financial benefit in the sales of their services that compete with Ashley Madison's

16    services.

17                              **FIRST CAUSE OF ACTION**

18                             (For Trade Dress Infringement

19                             Against All Defendants)

20        31.    Ashley Madison hereby incorporates by reference as though fully set forth

21    herein, paragraphs 1- 30, inclusive.

22        32.    Ashley Madison is the owner of the unique and famous Trade Dress for

23    the website located at the uniform resource locator www.ashleymadison.com, which is

24    the internet homepage for the Ashley Madison dating service. Attached hereto as

25    Exhibit D is a copy of a print out reflecting the home page trade dress of

26    www.ashleymadison.com.

27

28

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE**

1        33.    Ashley Madison's Trade Dress is non-functional.  Specifically, the choice

2   of the graphics—particularly including the photograph of a woman with her finger

3   near her sealed lips, are not set forth in a manner designed to achieve utility.

4        34.    Ashley Madison's Trade Dress is inherently distinctive and has acquired

5   secondary meaning.  A substantial segment of the consuming public make a mental

6   association between Ashley Madison's Trade Dress—particularly the photograph of a

7   woman with her finger near her sealed lips—and the source of that service.  A

8   substantial segment of the consuming public makes a mental association with the "look

9   and feel" of Ashley Madison's Trade Dress and the source of the services offered by

10   the Ashley Madison website.

11        35.    Upon information and belief, Defendants, and each of them, exercise joint

12   control over the websites located at www.maritalaffair.com and

13   www.maritalaffair.co.uk, have acted in concert and participated in the decision to use,

14   and have induced, cooperated, lent aid, and encouraged the reproduction, copying, and

15   imitation of Ashley Madison's Trade Dress in the maritalaffair.com and

16   maritalaffair.co.uk websites, as shown in (among others) the website pages depicted in

17   Exhibits A and B, attached hereto, which on information and belief target Ashley

18   Madison's customers and potential customers.  Defendants' maritalaffair.com and

19   maritalaffair.co.uk websites, and Defendants' copying of Ashley Madison's Trade

20   Dress, result in a likelihood of consumer confusion with respect to whether the source

21   of the services offered by Defendants' websites are affiliated with the source of the

22   services offered by the Ashley Madison website and associated Trade Dress.

23   Defendants obtain a financial benefit as a result of such confusion.

24        36.    Defendants' use of Ashley Madison's Trade Dress was done without

25   Ashley Madison's consent or permission, and with the intent to cause confusion and

26   mistake as well as to deceive.

27

28

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE**

37.   Defendants' use of Ashley Madison's Trade Dress constitutes trade dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and the common law.

38.   Defendants' infringement of Ashley Madison's Trade Dress has caused Ashley Madison injury and damages.

39.   Ashley Madison has been damaged by Defendants' infringement of Ashley Madison's Trade Dress and, if Defendants are not restrained, then Ashley Madison will suffer further damage by Defendants' conduct, including but not limited to an impairment of the value of the goodwill associated with Ashley Madison's Trade Dress.

40.   This is an exceptional case under 15 U.S.C. § 1117.

41.   In light of the foregoing, Ashley Madison is entitled to injunctive relief prohibiting Defendants from using the Ashley Madison Trade Dress, or any trade dress confusingly similar to the Ashley Madison Trade Dress, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Ashley Madison has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

## SECOND CAUSE OF ACTION

(Federal Trademark Infringement under 15 U.S.C. § 1114)

(Against all Defendants)

42.     Ashley Madison hereby incorporates by reference as though fully set forth herein, paragraphs 1- 41, inclusive.

43.     Upon information and belief, Defendants, and each of them, exercise joint control over the websites located at www.maritalaffair.com and www.maritalaffair.co.uk, have acted in concert and participated in the decision to use, and have induced, cooperated, lent aid, and encouraged the use of the Ashley Madison Service Mark as alleged above.  Such action constitutes use of colorable imitations of the Ashley Madison Service Mark in connection with the advertising or sale of unauthorized services in commerce.  This conduct creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Ashley Madison, or as to the origin, sponsorship, or approval of Defendants' websites by Ashley Madison.  Defendants' conduct is likely to induce consumers to believe, contrary to fact, that their www.maritalaffair.com and www.maritalaffair.co.uk are sponsored, endorsed, approved by, or connected with Ashley Madison.

44.     Defendants' conduct is without Ashley Madison's permission or authority.  In fact, Ashley Madison has specifically demanded that Defendants cease and desist using the Ashley Madison Service Mark.  As a result, Defendants have committed their infringement with full knowledge of Ashley Madison's rights in the Ashley Madison Service Mark.  Thus, Defendants have willfully, deliberately, and maliciously engaged in the described acts with the intent to injure Ashley Madison and to deceive the public.

45.     Defendants' conduct has been and is being committed with the intent and purpose of appropriating and trading upon the goodwill and reputation associated with the Ashley Madison Service Mark.  Such acts have damaged, impaired, and diluted

LA-520249 v2

11

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE**

1    that part of Ashley Madison's goodwill symbolized by its famous mark, to Ashley

2    Madison's immediate and irreparable harm.

3         46.     Defendants' unauthorized use of the Ashley Madison Service Mark in

4    connection with and to identify the maritalaffair.com and maritalaffair.co.uk websites,

5    constitutes trademark infringement in violation of 15 U.S.C. § 1114. Upon

6    information and belief, Defendants, and each of them, have profited from this

7    infringement and have declined to exercise their rights to stop such infringement.

8         47.     This is an exceptional case under 15 U.S.C. § 1117(a).

9         48.     Defendants' conduct has caused damage to Ashley Madison in an amount

10   to be determined at trial, and unless restrained, will continue to seriously and

11   irreparably impair further the value of the Ashley Madison Service Mark, for which

12   there is no adequate remedy at law.

13        49.     In light of the foregoing, Ashley Madison is entitled to injunctive relief

14   prohibiting Defendants from using the Ashley Madison Service Mark or any mark

15   confusingly similar to the Ashley Madison Service Mark for any purpose, and to

16   recover from Defendants all damages, including attorneys' fees, that Ashley Madison

17   has sustained and will sustain as a result thereof, in an amount not yet known, but

18   which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the

19   costs of this action.

20                        **THIRD CAUSE OF ACTION**

21       (Federal False Designation of Origin and Unfair Competition under 15 U.S.C.

22                            § 1125(a))

23                    (Against all Defendants)

24        50.     Ashley Madison hereby incorporates by reference as though fully set forth

25   herein, paragraphs 1- 49, inclusive.

26        51.     Upon information and belief, Defendants, and each of them, exercise joint

27   control over the websites located at www.maritalaffair.com and

28   www.maritalaffair.co.uk, have acted in concert and participated in the decision to use,

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION PURSUANT TO COMMON LAW AND STATUTE**

1  and have induced, cooperated, lent aid, and encouraged the use of the Ashley Madison

2  Service Mark and Trade Dress as alleged above.  Such action constitutes use in

3  commerce of certain words, names and false designations of origin in connection with

4  the sale and advertising of unauthorized goods and services, which create a likelihood

5  of confusion, mistake, or deception as to the affiliation, connection, or association of

6  Defendants with Ashley Madison, or as to the origin, sponsorship, or approval of

7  Defendants' maritalaffair.com and maritalaffair.co.uk websites with those of Ashley

8  Madison.  Defendants' conduct is likely to induce consumers to believe, contrary to

9  fact, that Defendants' maritalaffair.com and maritalaffair.co.uk websites are sponsored,

10  endorsed, approved by, or connected with Ashley Madison.

11     52.    Defendants' conduct is without Ashley Madison's permission or

12  authority.  In fact, Ashley Madison has specifically demanded that Defendants cease

13  and desist using the Ashley Madison Service Mark and Trade Dress.  As a result,

14  Defendants have committed their infringement with full knowledge of Ashley

15  Madison's rights in the Ashley Madison Service Mark and Trade Dress.  Thus,

16  Defendants have willfully, deliberately, and maliciously engaged in the described acts

17  with an intent to compete unfairly with Ashley Madison and to deceive the public.

18  Defendants have received a financial benefit as a result of their conduct.

19     53.    Defendants' unauthorized use of the Ashley Madison Service Mark and

20  Trade Dress in connection with and to identify their maritalaffair.com and

21  maritalaffair.co.uk websites constitutes false designation of origin and unfair

22  competition in violation of 15 U.S.C. § 1125(a).  Upon information and belief,

23  Defendants, and each of them, have profited from this activity and have declined to

24  exercise their rights to stop it.

25     54.    This is an exceptional case under 15 U.S.C. § 1117(a).

26     55.    Defendants' conduct has caused damage to Ashley Madison in an amount

27  to be determined at trial, and unless restrained, will continue to seriously and

28

1  irreparably impair further the value of the Ashley Madison Service Mark and Trade

2  Dress, for which there is no adequate remedy at law.

3      56.    In light of the foregoing, Ashley Madison is entitled to injunctive relief

4  prohibiting Defendants from using the Ashley Madison Service Mark and Trade Dress

5  or any mark or trade dress confusingly similar to the Ashley Madison Service Mark

6  and Trade Dress for any purpose, and to recover from Defendants all damages,

7  including attorneys' fees, that Ashley Madison has sustained and will sustain as a

8  result thereof, in an amount not yet known, but which circumstances warrant trebling

9  pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

10  **<u>FOURTH CAUSE OF ACTION</u>**

11  (Common Law Unfair Competition)

12  (Against all Defendants)

13      57.    Ashley Madison hereby incorporates by reference as though fully set forth

14  herein, paragraphs 1- 56, inclusive.

15      58.    Upon information and belief, Defendants, and each of them, exercise joint

16  control over the websites located at www.maritalaffair.com and

17  www.maritalaffair.co.uk, have acted in concert and participated in the decision to use,

18  and have induced, cooperated, lent aid, and encouraged the use of the Ashley Madison

19  Service Mark and Trade Dress as alleged above.  Defendants' conduct alleged herein

20  constitutes use of colorable imitations of the Ashley Madison Service Mark and Trade

21  Dress in connection with the advertising or sale of unauthorized services in commerce.

22  These activities create a likelihood of confusion, mistake, or deception as to the

23  affiliation, connection, or association of Defendants with Ashley Madison, or as to the

24  origin, sponsorship, or approval of Defendants' services by Ashley Madison.

25  Defendants' conduct is likely to induce consumers to believe, contrary to fact, that

26  Defendants' maritalaffair.com and maritalaffair.co.uk websites are sponsored,

27  endorsed, approved by, or connected with Ashley Madison.

28

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR
COMPETITION PURSUANT TO COMMON LAW AND STATUTE**

59.    Defendants' conduct is willful, deliberate, and intended to confuse the public and injure Ashley Madison; further, Defendants' conduct is oppressive and malicious in that it is intended to injure Ashley Madison and is carried on by Defendants with a willful and conscious disregard of the rights of others.

60.    Defendants' conduct constitutes unfair competition under California common law.

61.    Defendants' conduct has caused damage to Ashley Madison in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the Ashley Madison Service Mark and Trade Dress, for which there is no adequate remedy at law.  Upon information and belief, Defendants, and each of them, have profited from this activity and have declined to exercise their rights to stop it.

62.    In light of the foregoing, Ashley Madison is entitled to injunctive relief prohibiting Defendants from using the Ashley Madison Service Mark and Trade Dress or any mark confusingly similar to the Ashley Madison Service Mark and Trade Dress for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Ashley Madison has sustained and will sustain as a result thereof, as well as the costs of this action.

## FIFTH CAUSE OF ACTION

(For Unfair Competition under Cal. Bus. & Prof. Code § 17200

Against all Defendants)

63.    Ashley Madison hereby incorporates by reference as though fully set forth herein, paragraphs 1- 62, inclusive.

64.    Defendants' conduct alleged herein constitutes trade dress infringement, trademark infringement, and false designation of origin and dilution under 15 U.S.C. § 1051 *et seq*.  Defendants' conduct thus constitutes willful and deliberate unfair competition in wanton disregard of Ashley Madison's valuable intellectual property

1  rights. Upon information and belief, Defendants, and each of them, have profited from

2  this infringement and have declined to exercise their rights to stop such infringement.

3       65.    Defendants' conduct has directly and proximately caused and will

4  continue to cause Ashley Madison substantial and irreparable injury, including

5  customer confusion, injury to their reputation and diminution in value of their

6  intellectual property and unless restrained, will continue to seriously and irreparably

7  impair further the value of the Ashley Madison Service Mark and Trade Dress, for

8  which there is no adequate remedy at law.

9       66.    In light of the foregoing, Ashley Madison is entitled to an injunction

10  under Cal. Bus. & Prof. Code § 17200 *et seq.* restraining Defendants from engaging in

11  further such unlawful conduct, as well as to restitution of those amounts unlawfully

12  obtained by Defendants through their wrongful conduct.

13                            **PRAYER FOR RELIEF**

14       WHEREFORE, Ashley Madison requests that judgment be entered in its favor

15  and against Defendants as follows:

16  1.    For a preliminary and permanent injunction:

17       (a)    Pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendants and

18  their agents, affiliates, employees, and all persons in active concert or participation

19  with them, from directly or indirectly using the Ashley Madison Service Mark and/or

20  Trade Dress, or any trade or service mark or trade dress confusingly similar to the

21  Ashley Madison Service Mark or Trade Dress, or any other trade or service mark,

22  trade dress, or designation that infringes or dilutes the Ashley Madison Service Mark

23  or Trade Dress in any manner;

24       (b)    Pursuant to 15 U.S.C. § 1118, ordering that all labels, signs, prints,

25  business cards, stationery, packages, wrappers, receptacles, websites, promotional

26  materials, brochures, manuals, and advertisements displaying any graphics confusingly

27  similar to the Ashley Madison Service Mark and/or Trade Dress, or any other trade or

28

1   service mark, trade dress, or designation that infringes or dilutes the Ashley Madison

2   Service Mark or Trade Dress be delivered up and destroyed;

3      2.     Ordering Defendants to file with this Court and serve upon Ashley Madison

4   within 15 days after issuance of any injunction, a report in writing under oath setting

5   forth in detail the manner and form in which Defendants have complied with the

6   injunction;

7      3.     Ordering Defendants to account to Ashley Madison for any and all profits

8   derived by Defendants from the use of the Ashley Madison Service Mark and/or Trade

9   Dress and for all damages sustained by Ashley Madison by reason of Defendants' acts

10  of infringement, false designation of origin, and unfair competition complained of in

11  this complaint, and that such amounts be held in constructive trust for Ashley

12  Madison;

13     4.     That the Court award Ashley Madison:

14          (a)     All profits derived by Defendants' wrongful acts complained of herein;

15          (b)     All damages sustained by reason of the wrongful acts complained of

16  herein;

17          (c)     Treble the amount of actual damages suffered by Ashley Madison under

18  15 U.S.C. § 1117;

19          (d)     Restitution for Defendants' unfair business practices pursuant to Cal. Bus.

20  & Prof. Code § 17200 *et seq.*;

21          (e)     Punitive and exemplary damages against Defendants and in favor of

22  Ashley Madison in an amount sufficient to deter and punish Defendants for their

23  willful and wrongful acts;

24          (f)     Its costs incurred in this action;

25          (g)     Its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

26          (h)     Pre-judgment and post-judgment interest; and

27          (i)     Such other and further relief as this Court deems just and proper.

28

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR
COMPETITION PURSUANT TO COMMON LAW AND STATUTE**

K&L GATES LLP

Dated:  September 5, 2012          By:  _____
                                       Seth A. Gold
                                       seth.gold@klgates.com
                                       Cyrus S. Naim
                                       cyrus.naim@klgates.com

                                       Attorneys for Plaintiffs
                                       Avid Life Media, Inc. and Avid Dating
                                       Life, Inc.

COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR
COMPETION PURSUANT TO COMMON LAW AND STATUTE

1

## **JURY DEMAND**

2          Plaintiffs Avid Life Media, Inc. and Avid Dating Life, Inc. hereby demand a

3    jury trial for all issues triable by a jury.

4

5                                          K&L GATES LLP

6

7    Dated:  September 5, 2012          By: _____

8                                          Seth A. Gold
                                          seth.gold@klgates.com
9                                          Cyrus S. Naim
                                          cyrus.naim@klgates.com

10                                         Attorneys for Plaintiffs
                                          Avid Life Media, Inc. and Avid Dating
11                                         Life, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR
COMPETION PURSUANT TO COMMON LAW AND STATUTE**

# EXHIBIT A





# EXHIBIT B



# EXHIBIT C

Int. Cls.: 38 and 45

Prior U.S. Cls.: 100, 101 and 104

## United States Patent and Trademark Office

Reg. No. 2,812,950

Registered Feb. 10, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

## ASHLEY MADISON

THE ASHLEY MADISON AGENCY LIMITED (CANADA CORPORATION)
2300 YONGE STREET, P.O. BOX 2313, TORONTO
SUITE 2103
ONTARIO, CANADA M4P 1E4

FOR: PROVIDING ON-LINE CHAT ROOMS FOR TRANSMISSION OF MESSAGES AMONG COMPUTER USERS AND VIA A GLOBAL COMPUTER NETWORK FACILITATED TELEPHONE CALLS CONCERNING EROTIC AND ADULT FANTASY, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 1-21-2002; IN COMMERCE 1-21-2002.

FOR: COMPUTER SERVICES, NAMELY, ON-LINE DATING AND MATCHMAKING AND SO-CIAL INTRODUCTION SERVICES, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 1-21-2002; IN COMMERCE 1-21-2002.

PRIORITY CLAIMED UNDER SEC. 44(D) ON CANADA APPLICATION NO. 1146102, FILED 7-8-2002.

THE NAME "ASHLEY MADISON" DOES NOT IDENTIFY A LIVING INDIVIDUAL.

SER. NO. 78-187,090, FILED 11-20-2002.

MICHELE SWAIN, EXAMINING ATTORNEY

# EXHIBIT D



**EXHIBIT E**



# EXHIBIT F



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV12- 7604 MMM (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.



K&L Gates LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Tel: 310-552-5000 / Fax: 310-552-5001
Seth A. Gold (SBN 163220) seth.gold@klgates.com
Cyrus Naim (SBN 240119) cyrus.naim@klgates.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LIFE

| AVID MEDIA, INC., an Ontario corporation, and AVID DATING LIFE, INC., an Ontario corporation dba ASHLEY MADISON PLAINTIFF(S) v. MARITAL AFFAIR LTD., a United Kingdom company dba Maritalaffair.com; GLOBAL PERSONALS LIMITED, a United Kingdom company dba Whitelabeldating.com; DEFENDANT(S). and DOES 1 through 10, | CASE NUMBER **CV12-07604** MMM (MAN) **SUMMONS** |
|---|---|

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Seth A. Gold_ , whose address is _10100 Santa Monica Blvd., 7th Floor, Los Angeles, California 90067_ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SEP - 5 2012

Dated: _____

Clerk, U.S. District Court

By: _____

JULIE PRADO

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| AVID LIFE MEDIA, INC., an Ontario corporation, and AVID DATING LIFE, INC., an Ontario corporation dba ASHLEY MADISON, | MARITAL AFFAIR LTD., a United Kingdom company dba Maritalaffair.com; GLOBAL PERSONALS LIMITED, a United Kingdom company dba Whitelabeldating.com; and DOES 1 through 20, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Seth A. Gold, K&L Gates, LLP 10100 Santa Monica Blvd., 7th Floor, Los Angeles, California 90067 Tel: 310-552-5000 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ ACCORDING to PROOF

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §§ 1114, 1125; Trademark and trade dress infringement, and false designation of origin, unfair competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | PERSONAL PROPERTY | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-07604

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ontario, Canada |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | United Kingdom |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date September 5, 2012

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |